IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD KENNEDY, | ) | |
| Plaintiff(s), | ) | No. C 06-1726 CRB (PR) |
| v. | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| J. WOODFORD, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff claims that he is not receiving medication for his tuberculosis or treatment for this hepatitis; however, it is unclear from the complaint who is responsible for the wrongdoing he alleges.  Plaintiff only alleges that Dr. Ahmed prescribed him medicine for his tuberculosis that was not effective and lists numerous prison officials without specifically alleging how each of them is responsible for the deprivation of his constitutional rights.

In order to proceed with a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, plaintiff must specifically allege how each defendant actually and proximately caused the deprivation of a federally protected right.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Id. 633.  Conclusory allegations of wrongdoing will not do; plaintiff must allege "specific facts as to each individual defendant's" actions which violated his or her rights.  Id. at 634.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to

file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: July 25, 2006

CHARLES R. BREYER
United States District Judge